William Edward **BARNSLATER**, petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

No. A11–304.

Court of Appeals of Minnesota.

Nov. 21, 2011.

David W. Merchant, Chief Appellant Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and James C. Backstrom, Dakota County Attorney, Nicole E. Nee, Assistant County Attorney, Hastings, MN, for respondent.

Considered and decided by ROSS, Presiding Judge; HUDSON, Judge; and WORKE, Judge.

## OPINION

ROSS, Judge.

Four years ago, William Barnslater went into his former girlfriend's house uninvited and accosted her male friend.

Barnslater was then charged with and pleaded guilty to first-degree burglary, and the district court sentenced him to prison but stayed the sentence conditioned on probation terms. Barnslater violated those terms and the district court executed his sentence, ordering him to prison. Barnslater appealed the probation-revocation decision but later withdrew that appeal. Now in prison, Barnslater has filed a petition for postconviction relief challenging the validity of his guilty plea. The district court deemed the petition to be barred under *Knaffla* because of Barnslater's previous appeal. We hold that the district court abused its discretion by applying *Knaffla* to Barnslater's probation-revocation challenge to bar his postconviction petition for relief. But we affirm its decision to deny postconviction relief because the district court determined, accurately, that Barnslater's guilty plea is valid.

## FACTS

The events that led to this appeal began in the early morning hours of October 18, 2008, when William Barnslater entered the home of his former girlfriend, J.B., without her consent. He came in through her garage and followed her through the house. He began arguing with her male friend and throwing things around. The state charged Barnslater with first-degree burglary and violation of an order for protection. Barnslater pleaded guilty to burglary under a plea agreement in which the state dismissed the other charge. The district court sentenced Barnslater to a stayed prison sentence of 33 months and placed him on probation for ten years. Among other terms, the district court conditioned the probation on Barnslater's payment of restitution in an amount to be determined by the department of corrections. Before the department set the restitution amount, Barnslater violated his

probation and appeared for a probation-revocation hearing. At that hearing, Barnslater did not contest the allegations and requested that he be sent to prison. The district court revoked his probation, ordered him to prison, and directed him to pay $500 in restitution to J.B.

Barnslater appealed from the probation-revocation order. In that appeal, he argued that the district court erred by ordering restitution without being requested to do so by J.B. Before we could decide that issue, the district court rescinded the restitution order and Barnslater dismissed the appeal.

Barnslater later petitioned the district court for postconviction relief, and that petition is the subject of this appeal. Supporting that petition, Barnslater maintains that his guilty plea is infirm because the underlying facts did not meet the elements of first-degree burglary. More specifically, he contends that his admissions made during the plea hearing did not establish that he had committed the crime of fourth-degree criminal damage to property, the predicate offense to his burglary conviction, while he was in J.B.'s residence.

The district court denied Barnslater's petition. Treating Barnslater's prior appeal as a "direct appeal" as described in *State v. Knaffla*, it held that *Knaffla* barred him from petitioning for postconviction relief. The district court alternatively held that a sufficient factual basis supported Barnslater's guilty plea to first-degree burglary because he had admitted during the plea hearing that he entered J.B.'s residence, violating an order for protection and damaging property during an argument with J.B.'s friend. It decided that a sufficient factual basis established that Barnslater intentionally damaged property and that, even if he did not, he violated the order for protection in a man-

ner that allowed that violation independently to constitute the predicate crime for the burglary.

Barnslater appeals.

## ISSUES

I. Did the district court err by holding that Barnslater's petition for postconviction relief was barred by *Knaffla?*

II. Did the district court err by holding that a sufficient factual basis supported Barnslater's guilty plea?

## ANALYSIS

 Barnslater challenges the district court's denial of his postconviction petition. Although this court reviews a postconviction court's ultimate decision for an abuse of discretion, we review its legal decisions de novo. *Arredondo v. State,* 754 N.W.2d 566, 570 (Minn.2008). And we rely on the postconviction court's factual findings if they are supported by sufficient evidence. *Leake v. State,* 737 N.W.2d 531, 535 (Minn. 2007). Barnslater specifically contends that his postconviction challenge to the validity of his guilty plea is not procedurally barred by *Knaffla* and that the plea is invalid because it was not supported by an adequate factual basis. Both arguments contest legal decisions that are subject to our de novo review.

### I

 We first address Barnslater's claim that the district court erred by finding that his petition for postconviction relief was barred by *Knaffla.* The district court erroneously described Barnslater's prior appeal as a "direct appeal" under *Knaffla.* Under *Knaffla,* when a "direct appeal" has been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v.*

*Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). Immediately before declaring this prohibition, the *Knaffla* court more precisely described the kind of appeal it was referring to as a "direct appeal *from the conviction.*" *Id.* (emphasis added).

 Barnslater's prior appeal was not a direct appeal from his conviction. That appeal immediately followed his "probation revocation hearing," during which the district court revoked his probation, sent him to prison, and ordered him to pay restitution from his prison account. Barnslater's notice of appeal of that decision expressly indicated that he was appealing "from the probation violation order," and nothing in his argument in that appeal attempted to contest his conviction. But the district court considering Barnslater's postconviction petition instead called that prior appeal a restitution-order appeal, and then it denied Barnslater's petition for postconviction relief on the grounds of *Knaffla.* Whether we call the previous appeal a probation-revocation appeal or a restitution-order appeal, what is relevant is that it was not a *direct appeal from Barnslater's conviction.* It therefore does not implicate the concerns or fall under the holding of *Knaffla.*

### II

 Barnslater next argues that the district court should have allowed him to withdraw his guilty plea. A defendant may withdraw a guilty plea after sentencing "upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R.Crim. P. 15.05, subd. 1. Manifest injustice occurs if a guilty plea is invalid. *State v. Theis,* 742 N.W.2d 643, 646 (Minn. 2007). A guilty plea is invalid if it is not accurate, voluntary, and intelligent. *Id.* Barnslater carries the burden to show that

his plea was invalid. *See Alanis v. State,* 583 N.W.2d 573, 577 (Minn.1998). He does not carry this burden.

Barnslater argues that his guilty plea was invalid because it was inaccurate. He maintains that it was inaccurate because it lacked a sufficient factual basis. For a guilty plea to be accurate, a factual basis must be established on the record showing that the defendant's conduct meets all elements of the charge to which he is pleading guilty. *State v. Iverson,* 664 N.W.2d 346, 349–50 (Minn.2003). Barnslater challenges his guilty plea to first-degree burglary. A person commits first-degree burglary when he "enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building." Minn.Stat. § 609.582, subd. 1 (2008). Given the state's theory of Barnslater's burglary, we must determine whether a factual basis established that Barnslater committed a crime while inside J.B.'s home.

The factual basis is ordinarily established by the court's or counsels' questioning of the defendant so he explains, in his own words, the events surrounding the crime. *State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994). The use of leading questions is therefore disfavored, but it does not by itself invalidate a guilty plea. *Id.* at 717. This court may also look to the whole record, beyond what the defendant said, when evaluating the quality of a guilty plea's factual basis. *State v. Trott,* 338 N.W.2d 248, at 251–52 (Minn. 1983). At Barnslater's plea hearing, his attorney questioned him to establish the factual basis for his guilty plea. Barnslater then admitted that he entered J.B.'s residence despite the order for protection, that he did not have J.B.'s permission to enter, that J.B. was present when he entered, that once inside he was confronted by J.B.'s male acquaintance, and that he argued with the male and threw objects around.

The state maintains that these facts established that Barnslater committed the predicate crime of fourth-degree criminal damage to property inside J.B.'s home. *See* Minn.Stat. § 609.595, subd. 3 (2008). Fourth-degree criminal damage to property occurs when a person "intentionally causes damage described in subdivision 2 under any other circumstances." *Id.; see also* Minn.Stat. § 609.595, subd. 2 (describing third-degree criminal damage to property as "intentionally caus[ing] damage to another person's physical property without the other person's consent").

We agree that the facts elicited from Barnslater during the plea hearing establish that he intentionally damaged property while inside J.B.'s residence:

ATTORNEY: And during the course of that argument, or immediately after, did you throw some items of property around and damage them?

BARNSLATER: I don't know about being damaged, but I did throw some stuff around, yeah.

ATTORNEY: But you would agree that there was enough damage to say that there was Damage to Property?

BARNSLATER: Yeah.

ATTORNEY: I'm not saying there was a significant amount, but you certainly could have damaged some of the property that was thrown around?

BARNSLATER: Uh-huh.

ATTORNEY: And that's [the] crime that was committed while you were in there, do you understand that?

BARNSLATER: Yes.

This exchange indicates property damage because Barnslater admitted that he threw property around in a manner that

could have caused damage and the record includes an insurance inventory of property actually damaged. And intent is established because Barnslater's admission indicates that he "either [had] a purpose to do the thing or cause the result specified or believe[d] that the act performed ..., if successful, [would] cause that result." *See* Minn.Stat. § 609.02, subd. 9(3) (2008) (defining intent). Intent can therefore be inferred from the circumstances. For example, in *State v. Anderson*, 494 N.W.2d 876, 876 (Minn.1993), the supreme court held that intent to damage a security officer's two-way radio could be inferred because the defendant threw it into a lake. Likewise here, when Barnslater threw and damaged J.B.'s property during his argument, his intent to damage can be inferred from his knowledge that throwing property could damage it.

Because we affirm the damage-to-property basis for the burglary, we do not reach the district court's alternative holding that Barnslater's violation of the order for protection also satisfies the commission-of-a-crime element. And because sufficient evidence in the record supports the district court's postconviction findings, it did not abuse its discretion by rejecting Barnslater's postconviction challenge to his guilty plea.

## DECISION

The district court erred by determining that Barnslater's petition for postconviction relief was barred by *Knaffla* because Barnslater's probation-revocation appeal contesting restitution was not a direct appeal of his conviction. But the district court did not err by deciding that sufficient facts support Barnslater's guilty plea.

**Affirmed.**