*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1756**

State of Minnesota,
Respondent,

vs.

Joe Maria Vento,
Appellant.

**Filed October 19, 2015
Affirmed
Hooten, Judge**

McLeod County District Court
File No. 43-CR-14-1023

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael K. Junge, McLeod County Attorney, Elizabeth Smith, Assistant County Attorney, Glencoe, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Halbrooks, Presiding Judge; Worke, Judge; and

Hooten, Judge.

UNPUBLISHED OPINION

**HOOTEN**, Judge

On appeal from his conviction of misdemeanor domestic assault, appellant argues that the district court erred by denying his motion to withdraw his *Norgaard* plea. We affirm.

**FACTS**

On July 7, 2014, appellant Joe Maria Vento was charged with one count of misdemeanor domestic assault. The complaint alleges that on July 5, Vento and his ex-wife, A.V., got into an argument at the home they shared. Vento threatened to beat A.V., tried to punch her, and did not allow her to leave the residence. Vento pinned A.V. on the couch and covered her mouth, causing her to be unable to breathe. As the result of Vento's conduct, A.V. had bruises on her neck, arms, and leg.

Defense counsel negotiated a plea agreement with the prosecutor, and a plea hearing was held on July 31. At the start of the hearing, Vento told the district court that he wanted to plead guilty. Defense counsel then questioned Vento regarding the waiver of his trial rights and the elements of the offense. After defense counsel's questioning was completed, the district court received the signed plea petition into evidence. The prosecutor, in an attempt to develop a factual basis for the plea, examined Vento, who admitted raising his voice with A.V. and kicking a trashcan. But, upon further questioning, Vento denied that his intent in kicking the trashcan was to cause fear in A.V., instead claiming that he did it in order to "get attention." The prosecutor asked Vento if he "pin[ned] A.V. down on the couch and sw[u]ng at her." Vento stated that he

grabbed and pushed A.V. but that he did not remember if he pinned her on the couch or swung at her. The prosecutor asked if he grabbed and pushed A.V. with the intent to cause her fear of immediate bodily harm, and Vento replied, "Well, I was trying to leave. So yes, I guess."

The district court then suggested that Vento could plead guilty by entering a *Norgaard* plea.[1] The district court explained what a *Norgaard* plea was and then questioned Vento. The district court reviewed with Vento the allegations in the complaint, including that Vento had pinned A.V. down and taken a "swing" at her, that A.V. had been unable to breathe, and that as a result A.V. had bruises on her body. Vento stated that he did not remember pinning A.V. down. He acknowledged that, because he was under the influence of alcohol and had taken a psychotropic medication on the night of the offense, he could not remember some of the events from that night. The district court continued its questioning:

> Q: If the [s]tate brought A.V. in as a witness and they brought
> in police officers who had pictures of the bruises, and they all
> testified in front of a jury and that's what they said happened,
> do you think there's a substantial likelihood that the jury
> would find you guilty even though you don't remember what
> happened?
> A: Yes, sir.
> Q: Are you willing to plead guilty to something that you don't
> remember . . . happened, based on what's been reported here
> to the police?

---

[1] "A plea constitutes a *Norgaard* plea if the defendant asserts an absence of memory on the essential elements of the offense but pleads guilty because the record establishes, and the defendant reasonably believes, that the state has sufficient evidence to obtain a conviction." *Williams v. State*, 760 N.W.2d 8, 12 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009); *see State ex rel. Norgaard v. Tahash*, 261 Minn. 106, 110 N.W.2d 867 (1961).

A: Yes, sir. . . .

. . . .

Q: Okay. All right. Well, I'm satisfied that he understands that the county has a pretty strong case and that the reason he doesn't remember all the specifics is because of the amount of alcohol he had that evening, so I'll accept his plea on that basis.

On August 28, Vento filed a motion to withdraw his guilty plea. A sentencing hearing was held on September 12. The parties argued the plea withdrawal motion at the beginning of the sentencing hearing. Defense counsel argued that the district court should allow Vento to withdraw his plea for two reasons: (1) Vento was not provided with police reports and other evidence prior to the plea hearing; and (2) Vento was not given an opportunity to discuss the *Norgaard* plea with defense counsel. The prosecutor argued that Vento had waived his rights, provided a proper factual basis, and entered a valid *Norgaard* plea. The district court denied the motion and sentenced Vento, stating that it had "bent over backwards to ensure that Mr. Vento understood what his options were and that he was freely and voluntarily and intelligently entering into a plea." This appeal followed.

## DECISION

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). Plea withdrawal is allowed in two circumstances. First, the district court "must" allow the defendant to withdraw his or her plea at any time if "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, the district court "may" allow the defendant to withdraw his plea at any time before sentencing "if it is fair and just to do so." *Id.*, subd. 2.

4

## I.

Vento argues that plea withdrawal is necessary to correct a manifest injustice. "A manifest injustice exists if a guilty plea is not valid." *Raleigh*, 778 N.W.2d at 94. A constitutionally valid guilty plea "must be accurate, voluntary, and intelligent (i.e., knowingly and understandingly made)." *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). "A defendant bears the burden of showing his plea was invalid." *Raleigh*, 778 N.W.2d at 94. The validity of a plea is a question of law that we review de novo. *Id.*

The parties did not contemplate a *Norgaard* plea at the beginning of the plea hearing. Rather, after both defense counsel and the prosecutor had examined Vento, the district court, not being satisfied that the intent element of the offense was established, sua sponte suggested that Vento proceed by entering a *Norgaard* plea and questioned him accordingly. *See* Minn. Stat. § 609.2242, subd. 1(1) (2012) (providing that whoever "commits an act with intent to cause fear in [a family or household member] of immediate bodily harm or death" is guilty of a misdemeanor). The supreme court has urged district courts to accept a *Norgaard* plea "with caution" and to make certain that the defendant understands his rights, as such a plea is not supported by a defendant's unequivocal admission of guilt. *State v. Ecker*, 524 N.W.2d 712, 716–17 (Minn. 1994).

Vento argues that his plea was unintelligent. "The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea." *Trott*, 338 N.W.2d at 251. Vento claims that his plea was unintelligent because, at the plea hearing, the district court did not: (1) reiterate that Vento had a right to proceed

5

to trial; (2) ensure that Vento actually wanted to proceed by entering a *Norgaard* plea; and (3) recess to allow him to confer privately with defense counsel about whether he wanted to enter a *Norgaard* plea. Moreover, Vento contends that by failing to admit the intent element earlier in the plea hearing, he "demonstrated that he did not understand the nature of the offense to which he was pleading guilty," which called into question "whether [he] was fully aware of the nature of the domestic assault charge."

We are not persuaded that Vento's plea was unintelligent. Vento waived his trial rights in the plea petition and on the record, and there is no indication that he did not understand the rights that he was waiving. At the end of its questioning, the district court asked Vento, "Are you willing to plead guilty to something that you don't remember . . . happened, based on what's been reported here to the police?" Vento replied that he was. Vento's signed plea petition indicated that he was pleading guilty to misdemeanor domestic assault in violation of Minn. Stat. § 609.2242, subd. 1(1), and that he understood the maximum sentence for this offense. He indicated that he understood that there was no agreement as to sentencing and that a conviction for this offense would increase the severity of any similar future charges and penalties. While it would have been preferable for the district court to have given Vento an opportunity to confer with his defense counsel about whether to enter a *Norgaard* plea, neither Vento nor his defense counsel asked for such an opportunity. Vento has not shown that his plea was inaccurate because the record shows that he understood the charges, his rights, and the consequences of his plea.

6

Based on this record, we conclude that Vento is not entitled to withdraw his plea under the manifest injustice standard.

## II.

Vento also argues that the district court abused its discretion by denying his motion to withdraw his plea under the fair and just standard.

> In its discretion the court may allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so. The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea.

Minn. R. Crim. P. 15.05, subd. 2. The defendant has the burden of showing sufficient reasons to support plea withdrawal, while the state has the burden of showing prejudice. *Raleigh*, 778 N.W.2d at 97. Although the fair and just standard "is less demanding than the manifest injustice standard, it does not allow a defendant to withdraw a guilty plea for simply any reason." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quotation omitted). We review a district court's decision to deny a plea withdrawal motion under the fair and just standard for an abuse of discretion, "reversing only in the rare case." *Raleigh*, 778 N.W.2d at 97 (quotation omitted).

On appeal, Vento argues that plea withdrawal was fair and just because: (1) his plea was unintelligent; and (2) his plea was inaccurate because the district court used only leading questions to establish the factual basis, and the district court made a factual mistake about his level of intoxication on the night of the offense. Vento challenged the intelligence of his plea before the district court. But, as previously explained in part I of

7

this opinion, we conclude that Vento has failed to establish that his plea was unintelligent.

Vento did not challenge the accuracy of his plea before the district court, precluding appellate review under the fair and just standard. *See id.* (indicating first step in reviewing district court's decision under fair and just standard is to "review the district court's assessment of *the reasons [the defendant] gave* to support withdrawal of his plea" (emphasis added)); *see also* Minn. R. Crim. P. 15.05, subd. 2 ("The [district] court must give due consideration to the reasons advanced by the defendant in support of the motion . . . ."). Because plea withdrawal under the fair and just standard is subject to review for an abuse of discretion, a reviewing court will not consider reasons for plea withdrawal that were not presented to the district court and that are raised for the first time on appeal. Even if Vento's challenge to the accuracy of his plea were properly before this court, we would reject it for the following reasons.

To be accurate, a plea must contain an adequate factual basis. *Raleigh*, 778 N.W.2d at 94. The use of leading questions to establish a factual basis is disfavored. *Barnslater v. State*, 805 N.W.2d 910, 914 (Minn. App. 2011); *see also Ecker*, 524 N.W.2d at 717 ("[W]e again discourage the use of leading questions to establish a factual basis."). But, "a defendant may not withdraw his plea simply because the court failed to elicit proper responses if the record contains sufficient evidence to support the conviction." *Raleigh*, 778 N.W.2d at 94. An adequate factual basis for a *Norgaard* plea "consists of two related components: a strong factual basis and the defendant's

8

acknowledgement that the evidence would be sufficient for a jury to find the defendant guilty beyond a reasonable doubt." *Williams*, 760 N.W.2d at 12–13.

First, the record shows that there was a strong factual basis for Vento's plea. Vento himself established some of the key facts. He admitted that he was at his residence with A.V. on July 5, 2014, he raised his voice toward A.V., he kicked over a trashcan, and he grabbed and pushed her. Although Vento was somewhat equivocal when asked about his intent to cause fear of bodily harm and he claimed not to remember pinning A.V. down on the couch and taking a swing at her, the complaint shows that there was a strong factual basis for the plea. *See id.* at 13 (examining complaint to determine whether strong factual basis existed). According to the complaint, Vento threatened to beat A.V., chased her around the residence, took swings at her, pinned her on the couch, and covered her mouth to the point that she could not breathe. The complaint also details police observations of bruising on A.V.'s body, as well as A.V.'s statement to police that the bruising was caused by the assault. These statements and observations as set forth in the complaint, along with Vento's partial recollections, provided a strong factual basis for the plea.

Second, the record shows that Vento acknowledged that the state's evidence would be sufficient for a jury to find him guilty. The district court directly asked Vento this question, and he replied in the affirmative. The record shows that Vento's plea was accurate despite the district court's use of leading questions to establish the factual basis.

Vento also claims that his plea was inaccurate because, when the district court questioned him at the plea hearing, it made a factual mistake regarding the level of his

9

intoxication on the night of the offense. The district court stated that, according to the complaint, Vento's alcohol concentration was 0.297 on the night of the offense. In fact, the complaint indicates that Vento's alcohol concentration was 0.297 roughly 24 hours after the offense. This is of no consequence, however, because at the plea hearing Vento admitted that he was intoxicated *on the night of the offense* and that this was the reason he did not remember certain events *from the night of the offense*.

We conclude that, based upon this record, the district court did not abuse its discretion by denying Vento's plea withdrawal motion under the fair and just standard.

**Affirmed.**