*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0030**

State of Minnesota,
Respondent,

vs.

Yusuf Ahmed Osman,
Appellant.

**Filed December 28, 2015
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-14-13748

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Larkin, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

On appeal from his conviction of third-degree criminal sexual conduct, appellant argues that the district court erred by denying his presentence motion to withdraw his

guilty plea, and that his plea is invalid because it was not supported by a sufficient factual basis. We affirm.

## FACTS

Respondent State of Minnesota charged appellant Yusuf Osman with one count of third-degree criminal sexual conduct and two counts of domestic assault by strangulation for an incident that occurred on April 25, 2014. The complaint alleged that Osman showed up at his girlfriend's apartment uninvited. When she told him to leave, he grabbed her by the throat, pushed her to the floor, and sexually assaulted her.

Osman pleaded guilty to third-degree criminal sexual conduct, and the state dismissed the remaining charges. At sentencing, Osman sought to withdraw his guilty plea and discharge his public defender. Osman argued that his public defender was not "fighting for [his] case" and that he needed to be released into the community to find a "reputable" attorney. The district court denied Osman's request to withdraw his plea and stayed imposition of a three-year sentence. Osman appeals.

## D E C I S I O N

I. **The district court did not abuse its discretion by denying Osman's motion to withdraw his guilty plea.**

A criminal defendant does not have an absolute right to withdraw a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). Prior to sentencing, the district court may allow a defendant to withdraw a guilty plea "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Under this standard, the district court must consider: (1) the reasons a defendant advances to support withdrawal and (2) potential prejudice to the

2

state. *Raleigh*, 778 N.W.2d at 97. We review the denial of a motion to withdraw a guilty plea under the fair and just standard for an abuse of discretion, and will reverse only in a "rare case." *State v. Cubas*, 838 N.W.2d 220, 223 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Dec. 31, 2013).

Osman asserts that his need for a new attorney of his choice, who would provide more vigorous representation, constituted a fair and just reason to withdraw his guilty plea. We disagree.

Whether to grant a continuance so a defendant may obtain a private attorney to replace court-appointed counsel is within the discretion of the district court, "based on all facts and circumstances surrounding the request." *State v. Worthy*, 583 N.W.2d 270, 278 (Minn. 1998). "[A] defendant may not demand a continuance to delay the proceedings or by arbitrarily attempting to substitute another attorney." *Id.* A request for a continuance to retain a new attorney is properly denied when "the defendant has not been diligent in procuring counsel or in preparing for trial." *State v. Courtney*, 696 N.W.2d 73, 82 (Minn. 2005).

Osman does not assert a specific ground for supporting his request for substitute counsel. Osman made only general assertions that his attorney was not adequately advocating on his behalf and that he needed time to find "a reputable lawyer." While Osman asserted that his attorney was not "fighting for [his] case," we note that his attorney secured a favorable plea agreement and sentence on his behalf. Not only did the state agree to dismiss two of the three charges in exchange for Osman's plea, but he also received a stayed three-year sentence, with a year in the workhouse, for an offense that

3

carries a 48-month presumptive prison sentence. At sentencing, the prosecutor acknowledged the role Osman's attorney played in negotiating the plea agreement and her intention to oppose the state's sentencing recommendation, which she did.

Moreover, Osman did not express dissatisfaction with his attorney until the presentence investigation, during which he told the probation officer that he only pleaded guilty because he did not believe his public defender could win the case. Osman did not explain why he waited until sentencing to request a new attorney.

This record demonstrates that Osman was not diligent in requesting a new attorney and is inconsistent with Osman's allegations that his attorney was not providing vigorous and competent representation. Accordingly, we conclude that Osman failed to establish a fair and just basis to withdraw his guilty plea, and the district court did not abuse its discretion by denying his motion.[1]

## II. Withdrawal of Osman's guilty plea is not necessary to correct a manifest injustice because his plea had an adequate factual basis.

A defendant must be permitted to withdraw his plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice exists when a guilty plea is not valid. *Butala v. State*, 664 N.W.2d 333, 338-39 (Minn. 2003). To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). The validity of a guilty plea is a question of law, which we review de novo. *Raleigh*, 778 N.W.2d at 94.

---

[1] Because the district court was justified in concluding that there was not a fair and just basis for Osman to withdraw his plea, we need not consider the potential prejudice to the state. *Cubas*, 838 N.W.2d at 224.

Osman challenges only the accuracy of his guilty plea. A plea is accurate if it is supported by an adequate factual basis. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). An adequate factual basis exists where there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974).

Osman argues that his guilty plea was inaccurate because its factual basis was established through leading questions. We are not persuaded. The factual basis for a guilty plea is ordinarily established through questions by the court or counsel that prompt the defendant to explain, "in his own words, the events surrounding the crime." *Barnslater v. State*, 805 N.W.2d 910, 914 (Minn. App. 2011). The use of leading questions is therefore disfavored, but does not by itself invalidate a guilty plea. *See Raleigh,* 778 N.W.2d at 95-96 (stating that the factual basis was sufficient "despite its disfavored format"); *Barnslater,* 805 N.W.2d at 914 (stating that while the use of leading questions is "disfavored," it does not by itself invalidate a guilty plea). Rather, reviewing courts consider whether the record provides evidentiary support that ensures the defendant did not "plead guilty to a crime more serious than that of which he could be convicted if he elected to go to trial." *Raleigh*, 778 N.W.2d at 95.

To convict a person of third-degree criminal sexual conduct (force or coercion), the state had to prove: (1) sexual penetration and (2) use of force or coercion by Osman to accomplish penetration. Minn. Stat. § 609.344, subd. 1(c) (2014). During the plea hearing, the district court heard the following testimony:

APPELLANT'S COUNSEL: That particular day, [the victim] was not interested in having sexual relations with you?

OSMAN: Yes.

APPELLANT'S COUNSEL: And you coerced her and pressured her into having sexual relations with you?

OSMAN: Yes.

APPELLANT'S COUNSEL: And that did involve penetration?

OSMAN: Yes.

PROSECUTOR: Can you provide more sufficient detail what that means?

APPELLANT'S COUNSEL: You threatened her and pressured her . . .

OSMAN: Yes.

APPELLANT'S COUNSEL: . . . until she submitted to what you wanted?

OSMAN: Yes.

APPELLANT'S COUNSEL: Which was having sex with her?

OSMAN: Yes.

APPELLANT'S COUNSEL: Without her permission?

OSMAN: Yes.

PROSECUTOR: And, Mr. Osman, that means you had—you had anal and vaginal intercourse with her without her permission?

OSMAN: Yes.

. . . .

THE COURT: And the threats, they—they involved essentially you telling her that you would physically harm her if she did not submit?

OSMAN: Yes.

In this colloquy, Osman acknowledged that the victim was "not interested in having sexual relations with [him]," that he "coerced her and pressured her" into doing so, and that his actions included sexual penetration. He also admitted that his threats included telling the victim "[he] would physically harm her if she did not submit." This testimony established an adequate factual basis for Osman's guilty plea, even if it was made in response to leading questions. *See Barnslater,* 805 N.W.2d at 914.

6

We also reject Osman's contention that he likely would have denied committing criminal sexual conduct if his testimony had not been prompted through leading questions. Osman could have responded to his attorney's questions in the negative. And while both attorneys asked leading questions, the inquiries were not lengthy, confusing, or compound. Osman has also not presented evidence that he was otherwise coerced into pleading guilty to an offense he did not commit.

Because we conclude that the use of leading questions did not undermine the accuracy of Osman's guilty plea, plea withdrawal is not necessary to correct a manifest injustice.

**Affirmed.**