*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2016**

State of Minnesota,
Respondent,

vs.

Elroy James Thomas,
Appellant.

**Filed January 9, 2017
Affirmed
Peterson, Judge**

Polk County District Court
File No. 60-CR-15-193

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Greg Widseth, Polk County Attorney, Scott A. Buhler, Charles R. Curtis, Assistant County Attorneys, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Larkin, Judge; and Reyes, Judge.

**PETERSON**, Judge

In this appeal challenging the denial of appellant's presentence motion to withdraw his guilty plea, appellant argues that the district court erred by considering his motion under the manifest-injustice standard, rather than the fair-and-just standard.  We affirm.

## FACTS

After accusing his girlfriend of hiding his beer, appellant Elroy James Thomas grabbed her arm and forcibly removed her from their apartment.  The deputy sheriff who responded to the report of this incident arrested Thomas on an outstanding warrant that was issued after Thomas failed to appear at a hearing on a misdemeanor charge for a previous assault.  The state charged Thomas with felony-level domestic assault for the new incident involving his girlfriend.

After the misdemeanor charge for the previous assault was filed, the state learned that Thomas had prior convictions that allowed the previous assault to be charged as a felony.  When Thomas made his first appearance on the domestic-assault charge for assaulting his girlfriend, the state moved to dismiss the misdemeanor charge for the previous assault.  The district court dismissed the misdemeanor charge, and the previous assault was later charged as a felony.

The parties reached a plea agreement.  In exchange for Thomas's guilty plea to the domestic-assault charge, the state agreed to a 23-month sentence, which was at the bottom of the presumptive sentencing range, and to allow Thomas to argue for a dispositional

departure at sentencing. The state also agreed to dismiss the felony charge for the previous assault. The district court accepted Thomas's guilty plea.

Three days after entering his guilty plea, Thomas wrote the district court a letter asking to withdraw the plea. Thomas claimed that he had not been taking his prescribed anxiety medication when he entered the plea, which caused him to make irrational and impulsive decisions and made the plea involuntary and unknowing, and that he received ineffective assistance of counsel. A few days later, Thomas formally moved to withdraw his plea. Thomas later withdrew this motion.

Almost four months later, Thomas again moved to withdraw his guilty plea. Although Thomas was represented by a public defender, he submitted the motion to withdraw his guilty plea pro se.[1] The motion stated that it was made "in accordance to the Minnesota Rules of Criminal Procedure, Rule 15.05, based on an invalid guilty plea," and it addressed new "evidence of manifest injustice" based on prohibited procedures committed by the prosecutor.

Thomas argued that, by dismissing the misdemeanor charge for the previous assault during his first appearance on the domestic-assault charge and later filing a felony charge for the previous assault, the prosecutor violated the law-of-the-case doctrine and Thomas's right against double jeopardy. Thomas contended that because the state was barred from filing the felony charge after dismissing the misdemeanor charge, his guilty plea in

---

[1] The district court granted Thomas's request to discharge his attorney, and Thomas represented himself with respect to his motion to withdraw his guilty plea. The motion was presented to the district court on written submissions.

3

exchange for the dismissal of the felony charge was invalid. The district court determined that filing the felony charge did not violate Thomas's right against double jeopardy because jeopardy did not attach upon the dismissal of the misdemeanor charge and that the law-of-the-case doctrine was not violated because no rule of law was decided in the misdemeanor case that later governed when the offense was charged as a felony.

Thomas also argued that because one of his previous assault convictions did not contain "relationship evidence," he could have accurately pleaded guilty to only gross-misdemeanor domestic assault, not felony domestic assault. The district court determined that this argument was

> without merit, as the definition of "qualified domestic violence-related offense" under Minn. Stat. § 609.02, subd. 16 includes fifth-degree assault and "similar laws of other states." [Thomas] had two previous qualified domestic violence-related offense convictions within the past ten years, and therefore the requirements of the Felony Domestic Assault charge were satisfied.

The district court denied Thomas's motion to withdraw his guilty plea. The court concluded that Thomas did not show a manifest injustice that required the court to allow him to withdraw his plea. Thomas was sentenced, and he now challenges the denial of his motion to withdraw his guilty plea.

## D E C I S I O N

Thomas argues that, because he moved to withdraw his guilty plea before he was sentenced, the district court erred by judging the motion under the manifest-injustice standard, rather than under the fair-and-just standard. A reviewing court will reverse the

4

district court's determination of whether to permit withdrawal of a guilty plea only if the district court abused its discretion. *Barragan v. State*, 583 N.W.2d 571, 572 (Minn. 1998).

Under the rules of criminal procedure, there are two standards for judging a motion to withdraw a guilty plea; one applies only to a motion brought before sentencing, and the other applies to a motion brought at any time. The district court, in its discretion, "may allow the defendant to withdraw a plea *at any time before sentence* if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2 (emphasis added). "*At any time* the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1 (emphasis added). The fair-and-just standard is discretionary and less demanding than the manifest-injustice standard. *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010); *State v. Lopez*, 794 N.W.2d 379, 382 (Minn. App. 2011).

"[A] defendant who can show manifest injustice is entitled as a matter of right to withdraw his plea of guilty." *Hirt v. State*, 298 Minn. 553, 557, 214 N.W.2d 778, 782 (1974). "Manifest injustice occurs if a guilty plea is invalid." *Barnslater v. State*, 805 N.W.2d 910, 913 (Minn. App. 2011). "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Raleigh*, 778 N.W.2d at 94. It is the defendant's burden to show the invalidity of a plea. *Id.* at 94.

Thomas had a right to withdraw his guilty plea at any time, either before or after sentencing, if he could prove that withdrawal was necessary to correct a manifest injustice. *See State v. Abdisalan*, 661 N.W.2d 691, 693 (Minn. App. 2003) *review denied* (Minn. Aug. 19, 2003) (defendant may premise motion to withdraw guilty plea on manifest

5

injustice either before or after sentencing). In his motion, Thomas stated that the motion was "based on an invalid guilty plea" and that the motion "addresses new evidence of manifest injustice" based on prohibited procedures committed by the prosecutor. The district court's determination that Thomas did not prove a manifest injustice addressed the claim that Thomas made. Because the district court could not have judged Thomas's claim that there was a manifest injustice without considering the manifest-injustice standard, the district court did not abuse its discretion by applying the manifest-injustice standard to Thomas's motion.

Furthermore, even if the district court had considered Thomas's motion to withdraw under the more lenient fair-and-just standard, the result would have been the same.

> The fair and just standard requires district courts to give due consideration to two factors: (1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the State given reliance on the plea. A defendant bears the burden of advancing reasons to support withdrawal. The State bears the burden of showing prejudice caused by withdrawal.

*Raleigh*, 778 N.W.2d at 97 (citations and quotations omitted). The district court concluded that the reasons Thomas advanced to support withdrawal were without merit: recharging the previous misdemeanor assault as a felony violated neither the Double Jeopardy Clause nor the law-of-the-case doctrine, and Thomas's prior convictions qualified to enhance the charge from a misdemeanor to a felony-level charge. Because Thomas's reasons for withdrawal were without merit, they were not sufficient to allow Thomas to withdraw his guilty plea under either the manifest-injustice or the fair-and-just standard.

6

Thomas does not contend on appeal that the district court's conclusion regarding any of his three reasons for withdrawal was erroneous, he simply argues that the district court might have granted his motion if it had considered the motion under the fair-and-just standard. Thomas argues that, because he brought his motion before he was sentenced, all he needed to show was that it would have been fair and just to allow him to withdraw his plea. He contends that, in attempting to meet this burden, he relied on his attorney's ineffective assistance and the fact that he was not taking his anxiety medication, and, while these problems might not have created a manifest injustice, they might have made it fair and just to allow him to withdraw his plea.

But Thomas did not rely on his attorney's ineffective assistance and the fact that he was not provided with his anxiety medicine to meet his burden of proof on his second motion to withdraw his guilty plea; in a letter to the district court, he asserted those facts as the reasons for his first motion to withdraw his guilty plea. His first motion cited Minn. R. Crim. P. 15.05, subd. 2, and sought to withdraw his plea because it was fair and just to do so. But Thomas withdrew that motion, and the district court did not rule on it.

What Thomas is really requesting is an opportunity to have the district court now consider the motion that he withdrew, and he asks that this court remand this case so that the district court can evaluate his motion under the fair-and-just standard.[2] We will not

---

[2] Thomas contends that a remand is the remedy that this court provided in *Anderson v. State*, 746 N.W.2d 901 (Minn. App. 2008). *Anderson*, however, was different from this case. In *Anderson*, defense counsel advised appellant "to defer moving to withdraw her guilty plea until after sentencing, without advising her how the differing standards of proof might affect the decision," which prejudiced appellant. *Id*. at 911. This court remanded "to allow Anderson to move the district court to withdraw her guilty plea for consideration

7

remand to allow Thomas to assert in support of his second motion the reasons that he asserted in support of his first motion but failed to raise when his second motion was before the district court.

**Affirmed**.

---

under the more lenient, pre-sentencing, fair-and-just standard." *Id*. at 911-12. Unlike the appellant in *Anderson*, Thomas was not prevented from making his motion to withdraw his guilty plea before sentencing; he made the motion before sentencing. But he failed to present issues to the district court when he had the opportunity to present them.