**STATE of Minnesota, Appellant,**

v.

**Luis Armando CUBAS, Respondent.**

**No. A13–1188.**

Court of Appeals of Minnesota.

Oct. 15, 2013.

---

Lori Swanson, Attorney General, St. Paul, Minnesota; and John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, MN, for appellant.

Drake D. Metzger, St. Louis Park, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; LARKIN, Judge; and HOOTEN, Judge.

## OPINION

LARKIN, Judge.

In this pretrial appeal, the state challenges the district court's decision granting respondent's motion to withdraw his guilty plea. The state argues that the decision has a critical impact on its ability to successfully prosecute respondent and that the district court abused its discretion in granting the motion. Because the critical-impact standard is met and the district court misapplied the law when granting respondent's motion for plea withdrawal, we reverse and remand.

## FACTS

On July 9, 2004, appellant State of Minnesota charged respondent Luis Armando Cubas with third-degree sale of a controlled substance. On September 3, Cubas appeared before the district court, in custody, and entered a guilty plea pursuant to a plea agreement. Under the plea agreement, the state agreed to "a dispositional departure to a stayed sentence" and "to release [Cubas] pending sentencing." Cubas agreed to plead guilty and "not to contest or appeal the custody point that [he] expecte[d] to be assigned"

under the sentencing guidelines. Cubas further agreed that if he did not appear for sentencing, the district court would not be bound by the agreement and that he would "be sent straight to prison." At the conclusion of the September 3 hearing, the district court scheduled sentencing for October 13 and released Cubas. Cubas did not appear for sentencing, and the district court issued a warrant for his arrest. Cubas was not arrested on the warrant until April 2013.

After his arrest and prior to sentencing, Cubas moved to withdraw his guilty plea. In his written motion, Cubas asserted that it would be fair and just to allow him to withdraw his guilty plea because his plea agreement included the "provision that [he] agree[ ] not to contest or appeal the inclusion of a custody status point in the calculation of his criminal history score." Cubas's motion noted that "[a]n agreement between the state and a defendant, requiring a defendant to waive all right to appellate review in exchange for a reduced sentence is invalid as a matter of public policy, and violate[s] a defendant's right to due process under the rationale of *Spann v. Minnesota,* 704 N.W.2d 486 (Minn.2005)." And the motion asserted that "[t]he appropriate remedy is to allow [Cubas] to withdraw his plea of guilty and then either stand trial or negotiate a valid, enforceable plea agreement."

At the motion hearing in district court, Cubas argued that "the logic and rationale of *Spann* requires the [c]ourt to permit him to withdraw the plea." The state opposed Cubas's motion. The state argued that, under *Spann,* Cubas would still have the right "to appeal or contest any part of his sentence, including the custody point that was awarded to him," regardless of the waiver provision in the plea agreement, because "a defendant's waiver of his right to appeal under a plea agreement is

invalid and unenforceable." The state further argued that "[a]llowing [Cubas] to withdraw his guilty plea would result in a significant prejudice to the [s]tate" because "drug evidence has been destroyed, [and] witnesses' memories of the events have likely faded" due to Cubas "absconding from this court for almost [nine] years." Cubas replied that prejudice to the state was not a "valid factor" under the supreme court's reasoning in *Spann.*

Prior to ruling, the district court stated its reasoning as follows:

> I have no doubt that Mr. Cubas entered his plea knowingly, voluntarily, and intelligently at the time that he entered it, but I think that the [s]upreme [c]ourt doesn't allow for a gray area. It seems to me it's a fairly bright line rule, that it's against public policy to have anyone waive their right to an appeal. . . .
>
> Frankly, I don't know that the waiver—under the circumstances of the case, the waiving the appeal actually is a detriment to Mr. Cubas in any way, but that's not the standard.

The district court then granted Cubas's motion to withdraw his guilty plea, stating that it was doing so "in the interest of justice." This pretrial appeal by the state follows.

## ISSUES

I. Will the district court's alleged error have a critical impact?

II. Did the district court abuse its discretion in allowing Cubas to withdraw his guilty plea?

## ANALYSIS

### I.

The state may appeal from "any pretrial order" if it can establish that "the district court's alleged error, unless reversed, will have a critical impact on the

outcome of the trial." Minn. R.Crim. P. 28.04, subds. 1(1), 2(1). "[A] pretrial order will only be reversed if the [s]tate demonstrates clearly and unequivocally that the [district] court has erred in its judgment and that, unless reversed, the error will have a critical impact on the outcome of the trial." *State v. Underdahl,* 767 N.W.2d 677, 681 (Minn.2009) (quotation omitted). "The critical impact requirement has evolved into a threshold issue, so that in the absence of critical impact we will not review a pretrial order." *Id.* (quotations omitted).

> Critical impact, the threshold question, is intended to be a demanding standard, but with some flexibility. The [s]tate can show critical impact when complying with an order significantly reduces the likelihood of a successful prosecution. The [s]tate does not have to show that conviction is impossible after the pretrial order—only that the prosecution's likelihood of success is seriously jeopardized.

*Id.* at 683 (quotations and citations omitted).

The state's case relies on the faded memories of witnesses to events that occurred over eight years ago. If the case is tried, the state's likelihood of success is significantly diminished compared to its chances of success had the case been tried eight years ago. *See Black v. State,* 725 N.W.2d 772, 776 (Minn.App.2007) (noting that "witnesses' memories of the events have likely faded" after a two-year delay). We therefore conclude that the decision to allow plea withdrawal significantly reduces the likelihood of a successful prosecution and that the critical-impact standard is met.

### II.

■ Minnesota Rule of Criminal Procedure 15.05 provides two grounds for plea withdrawal. "[T]he court must allow a defendant to withdraw a guilty plea upon ... proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." Minn. R.Crim. P. 15.05, subd. 1. And the court may, in its discretion, "allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so." *Id.,* subd. 2. We review a district court's decision regarding a motion to withdraw a guilty plea under the fair-and-just standard for an abuse of discretion, reversing only in the "rare case." *Kim v. State,* 434 N.W.2d 263, 266 (Minn.1989).

■ Cubas's motion for plea withdrawal was based on rule 15.05, subdivision 2. In determining whether it is fair and just to allow a defendant to withdraw a plea under subdivision 2, the district court must consider (1) "the reasons advanced by the defendant in support of the motion" and (2) "any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R.Crim. P. 15.05, subd. 2.

> In determining whether the defendant's reason is "fair and just," the trial court is to give due consideration not just to the reasons advanced by the defendant but to any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea. Underlying the rule is the notion that giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process. If a guilty plea can be withdrawn for any reason or without good reason at any time before sentence is imposed, then the process of accepting guilty pleas would simply be a means of continuing the trial to some indefinite date in the future when the defendant might see fit

to come in and make a motion to withdraw his plea.

*Kim,* 434 N.W.2d at 266 (quotations and citation omitted).

Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just. *See State v. Raleigh,* 778 N.W.2d 90, 97–98 (Minn.2010) (holding that a district court did not abuse its discretion in denying plea withdrawal under the fair-and-just standard when "the prejudice to the [s]tate was overstated" but the defendant "failed to provide any valid reason why withdrawal would be 'fair and just' ").

The district court ruled on Cubas's plea-withdrawal motion from the bench. Thus, our review of the district court's exercise of its discretion is limited to the explanation that the district court provided on the record at the motion hearing. The district court stated that under the circumstances of the case, it was not certain that the appeal-waiver provision "actually is a detriment to Mr. Cubas in any way." That conclusion appears to be relevant to a determination of whether plea withdrawal is fair and just. But the district court dismissed that consideration, reasoning that "that's not the standard." Next, the district court granted Cubas's motion "in the interest of justice," without citing legal authority for plea withdrawal on that ground or referring to rule 15.

It does not appear that the district court applied the standard for plea withdrawal that is mandated under rule 15.05, subdivision 2. Although a decision to allow plea withdrawal is discretionary under subdivision 2, a district court must apply the standard mandated by the rule when exercising its discretion. *See Johnson v. State,* 733 N.W.2d 834, 836 (Minn.

App.2007) ("The court abuses its discretion if it misinterprets or misapplies the law."), *review denied* (Minn. Sept. 18, 2007).

Instead of analyzing Cubas's motion under the standard mandated by subdivision 2, the district court appears to have concluded that *Spann* requires plea withdrawal when a plea agreement contains an appeal-waiver provision. The district court reasoned that "it's a fairly bright line rule, that it's against public policy to have anyone waive their right to an appeal." The district court's conclusion and reasoning are consistent with Cubas's argument to the district court. Cubas argued that "the logic and rationale of *Spann* requires the [c]ourt to permit him to withdraw the plea." Cubas further argued that in *Spann,* "there was absolutely no discussion ... about any consideration, whatsoever, about any prejudice to the [s]tate." Cubas therefore contended that prejudice to the state was not a "valid factor" for the district court's consideration.

But *Spann* does not compel plea withdrawal in this case. In fact, *Spann* was not a plea-withdrawal case. The issue the supreme court addressed was "whether a defendant can waive his right to appeal *after he has been convicted following a jury trial." Spann,* 704 N.W.2d at 487 (emphasis added). The supreme court went to great lengths to limit its holding to waivers made after trial, conviction, and sentencing, noting that "most of the jurisdictions upholding appeal waivers have decided the issue in the context of a pretrial plea agreement in which the defendant has pleaded guilty in exchange for a reduced sentence and not in the context of the waiver of the right to appeal after the defendant has been convicted and sentenced." *Id.* at 492. The supreme court reasoned that "[t]he waiver of the right to appeal based on an agreement with the state after the defendant has been convict-

ed and sentenced after a trial is of a fundamentally different nature than waiver of a defendant's rights before trial." *Id.* at 494. And the supreme court stated that it expressed "no opinion on whether a defendant may waive his right to appeal as a result of a plea bargain before trial or conviction." *Id.* at 491 n. 2. Lastly, the remedy in *Spann* was to allow an appeal: the court held that "Spann's waiver of his appeal rights under the stipulation agreement is invalid and unenforceable" and reinstated Spann's right to appeal. *Id.* at 495.

In sum, *Spann* does not mandate plea withdrawal in this case, and the district court misapplied *Spann* in concluding that it does. Although the policy consideration discussed in *Spann* may be relevant to a determination under rule 15.05, subdivision 2, the district court was required to consider any potential prejudice to the prosecution in addition to Cubas's reasons for plea withdrawal. Because the record does not indicate that the district court considered potential prejudice to the prosecution when ruling on Cubas's motion, or the lack of prejudice to Cubas, the district court abused its discretion.

## DECISION

Because the district court misapplied the law in granting plea withdrawal, we reverse and remand for the district court to consider Cubas's motion for plea withdrawal under the standard set forth in rule 15.05, subdivision 2, including "due consideration" of the reasons advanced by Cubas in support of the motion and "any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." Minn. R.Crim. P. 15.05, subd. 2.

**Reversed and remanded.**