*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1665**

State of Minnesota,
Respondent,

vs.

Chauncey Lanell Jackson,
Appellant.

**Filed May 11, 2015
Affirmed
Reilly, Judge**

Hennepin County District Court
File No. 27-CR-13-19175

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Roy G. Spurbeck, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

## U N P U B L I S H E D   O P I N I O N

**REILLY**, Judge

Appellant Chauncey Jackson pleaded guilty to being a prohibited person in possession of a firearm and moved to withdraw his plea before sentencing, asserting that it was fair and just to allow withdrawal. The district court denied appellant's motion.

Because the district court carefully considered appellant's motion and did not abuse its discretion when denying the motion, we affirm.

**FACTS**

The state charged appellant with one felony count of being a prohibited person in possession of a firearm, which made appellant subject to a mandatory 60 months in prison. On the scheduled trial date, February 18, 2014, appellant entered a straight plea of guilty and presented a signed guilty plea petition to the district court. During this plea hearing, appellant's counsel reviewed the signed petition with appellant and described the rights appellant agreed to waive. Appellant's counsel specifically stated that appellant understood that he was giving up his right to a trial, to call witnesses, to attack what those witnesses would say, and to testify and explain his side of the story. Appellant's counsel also asked whether appellant understood what was going to happen and whether appellant had any questions for his counsel or the judge about what it meant to give up his rights by entering a guilty plea. Appellant confirmed that he understood and had no questions. The district court concluded that appellant knew, understood, and voluntarily gave up his rights. Following appellant's description of the events, the district court found appellant guilty of the charged offense.

On April 30, 2014, appellant appeared for sentencing and moved to withdraw his guilty plea, initially offering two reasons to support the withdrawal: (1) appellant used substances prior to the plea hearing that impaired his ability to think and make a decision, and (2) appellant believed his counsel's communications and advice were coercive.

2

In response to appellant's claim that he was under the influence of drugs when entering his plea, the district court judge listed the times he saw appellant—July 19, 2013, for an omnibus hearing, September 6, 2013, for a continued omnibus hearing, November 8, 2013, for a hearing on a motion to suppress, and December 9, 2013, for a scheduling conference. The district court judge stated that, based on his personal observations, appellant behaved no differently during the February 18, 2014 plea hearing than during his prior court appearances. Appellant then explained that he had a drug addiction during the entire case and was under the influence of drugs every time he appeared in court. Appellant testified that his attorney advised that neither the judge nor the state would be lenient and that appellant would be sentenced to 60 months in prison. In the end, appellant clarified that the reason he pleaded guilty on February 18, 2014, was to "allow him to be in the community for a longer period of time." Appellant was advised that if he went to trial and was found guilty, then he would be taken into custody "right then and there." Alternatively, if appellant pleaded guilty, then he would be let out into the community and would not have to return to court until at least April 11, 2014. Appellant decided to plead guilty to get extra time to help provide for himself and his family before he was sentenced. The district court denied appellant's motion to withdraw his guilty plea.

On June 4, 2014, appellant asked the district court to reconsider its ruling on the motion to withdraw his guilty plea. Appellant provided the same two reasons initially used to support the withdrawal—he was under the influence and felt coerced to plead guilty. In addition, appellant restated that he pleaded guilty to avoid being incarcerated

3

immediately following trial. The district court declined to reconsider its decision and sentenced appellant to 60 months in prison. This appeal follows.

**D E C I S I O N**

A criminal defendant does not have an absolute right to withdraw a guilty plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). But the Minnesota Rules of Criminal Procedure allow a defendant to withdraw a guilty plea if "withdrawal is necessary to correct a manifest injustice," or if the "defendant proves it is fair and just to do so." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007).

Both in district court and on appeal, appellant sought withdrawal under the fair-and-just standard. On appeal, appellant also argues that "pleading guilty simply to get out of jail . . . would impact the voluntary nature of the plea." This argument challenges the validity of appellant's plea, and raises the question of whether plea withdrawal is necessary to correct a manifest injustice. Generally, we will not decide issues that were not raised before the district court.[1] *Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996). But we may deviate from this rule when the "interests of justice" require consideration of such issues. *Id.* Because a manifest injustice exists when a plea is not valid, *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010), we will address appellant's plea-withdrawal

---

[1] The district court found that there was "no reason to suspect that there was anything other than a voluntary, accurate and intelligent plea that was entered on February the 18th," so appellant did not show "that a withdrawal of [his] plea is to correct a manifest injustice." Appellant, however, did not present a manifest-injustice argument in district court and did not list the manifest-injustice standard as a separate issue in his appellate brief.

4

argument under both standards, the manifest-injustice standard and the fair-and-just standard.

**Manifest-Injustice Standard**

A district court must allow the withdrawal of a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. The validity of a plea under the manifest-injustice standard presents a question of law that we review de novo. *Raleigh*, 778 N.W.2d at 94. "To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *Id.* The voluntariness requirement ensures that a defendant does not plead guilty due to improper pressure or coercion. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). "A defendant bears the burden of showing his plea was invalid." *Raleigh*, 778 N.W.2d at 94.

Appellant argues that because he pleaded guilty to "be in the community for a longer period of time," the voluntary nature of his plea was compromised. But "the normal trauma associated with being incarcerated . . . is not, by itself, a basis to claim coercion." *Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998), *review denied* (Minn. July 16, 1998); *see Raleigh*, 778 N.W.2d at 96 (holding that defendant's acknowledgment that he "was under extreme stress and not thinking rationally when he entered his plea" did not make his plea involuntary). To challenge the voluntary nature of his plea, rather than claim "normal trauma" or stress associated with a criminal trial, appellant must show that the state induced him to plead guilty "through actual or threatened physical harm, or by mental coercion overbearing [his] will." *Sykes*, 578 N.W.2d at 813.

5

Appellant does not claim that the state threatened him with physical harm or mental coercion. Rather, appellant simply pleaded guilty to delay his incarceration for approximately two months. Because the "normal trauma" associated with being incarcerated, by itself, is not sufficient to claim involuntariness, appellant failed to prove that his plea was involuntary. Moreover, by pleading guilty, appellant gained exactly what he desired: extra time in the community to provide for himself and his family before he was sentenced to prison. Consequently, appellant fails to show a manifest injustice requiring the withdrawal of his plea.

**Fair-and-Just Standard**

Next, a district court may allow the withdrawal of a guilty plea before sentencing if "it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. Under the fair-and-just standard, a district court considers two factors: "(1) the reasons a defendant advances to support withdrawal and (2) [any] prejudice granting the motion would cause the State given reliance on the plea." *Raleigh*, 778 N.W.2d at 97 (citing Minn. R. Crim. P. 15.05, subd. 2).

The fair-and-just standard "is less demanding than the manifest injustice standard." *Theis*, 742 N.W.2d at 646. But "defendants may not withdraw their guilty pleas for simply any reason before a sentence is imposed," *Farnsworth*, 738 N.W.2d at 372, because allowing defendants to withdraw a guilty plea for any reason and at any time before sentencing would "undermine the integrity of the plea-taking process." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). The decision of whether to withdraw a

guilty plea under the fair-and-just standard is reviewed for an abuse of discretion and is reserved for the "rare case." *Raleigh*, 778 N.W.2d at 97.

Under the first factor of the fair-and-just standard, we review the district court's assessment of the reasons appellant offered to support withdrawal of his plea. *Raleigh*, 778 N.W.2d at 97. Appellant proffers the following reasons for plea withdrawal: he was under the influence of drugs; he felt coerced and coached into taking the deal; he was led to believe that his case was a lose-lose situation; and he was advised that, by pleading guilty, he would stay out in the community longer than if he went to trial and was convicted.

In addressing the reasons advanced by appellant, the district court judge focused on his conversation with appellant during the February 18, 2014 plea hearing. Specifically, the district court judge noted, "I had a conversation with you about your understanding of the straight plea and you were able to converse with me and you were able to tell me you understood what a straight plea was." The district court judge further noted that he asked "do you have any questions about anything on this document before I accept your plea. . . . You said, no, I do not." In addition, the district court judge commented on his observations of appellant on February 18, compared to his observations of appellant during the prior court appearances. The district court judge explained that "[t]here [were] absolutely no behavioral differences on February the 18th when that plea was entered than when I had seen you and observed you on prior occasions. You were able to respond to my questions. You impressed me as having a complete understanding of what you were doing." Based on these findings, the district

7

court held that appellant did not prove that it would be fair and just to withdraw his guilty plea.

The district court judge relied on his conversations with and observations of appellant when finding that appellant understood and comprehended the ramifications of pleading guilty. This court gives deference to the credibility determinations made by a district court during a plea hearing. *State v. Aviles-Alvarez*, 561 N.W.2d 523, 527 (Minn. App. 1997), *review denied* (Minn. June 11, 1997). Accordingly, we agree with the district court when it found that appellant did not advance valid reasons to support the withdrawal of his plea.

Under the second factor of the fair-and-just standard, the district court considers any prejudice to the state that would result if withdrawal was granted. Although the district court did not discuss any possible prejudice to the state, it was within the district court's discretion to deny appellant's motion to withdraw his guilty plea based solely on the fact that appellant failed to advance valid reasons why withdrawal would be fair and just. *See State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013) (holding that a district court may deny the withdrawal even if there is no threat of prejudice to the state, "if the defendant fails to advance valid reasons why withdrawal is fair and just"), *review denied* (Minn. Dec. 31, 2013); *Raleigh*, 778 N.W.2d at 98 (concluding that, although the fair-and-just analysis typically requires consideration of two factors, the district court did not abuse its discretion when denying a motion for plea withdrawal when there was no prejudice to the state, because defendant failed to advance valid reasons for withdrawal). Accordingly, appellant has not satisfied his burden of showing that it is fair and just to

allow him to withdraw his plea. *See Raleigh*, 778 N.W.2d at 97 ("A defendant bears the burden of advancing reasons to support withdrawal.").

**Affirmed.**