*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1496**

State of Minnesota,
Respondent,

vs.

Henry Davila,
Appellant.

**Filed April 25, 2016
Affirmed
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CR-12-8812

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, Elizabeth Lamin, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Kevin M. Gregorius, Steven J. Meshbesher, Meshbesher & Associates, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Larkin, Judge; and Rodenberg, Judge.

**UNPUBLISHED OPINION**

**RODENBERG**, Judge

On appeal from his conviction of first-degree possession of a controlled substance and being a prohibited person in possession of a firearm, appellant Henry Davila argues that the district court erred in denying his motion to withdraw his guilty plea. We affirm.

**FACTS**

On November 1, 2012, St. Paul police officers executed a search warrant at appellant's home, recovering over 25 grams of methamphetamine and a BB gun. Appellant hired a private attorney to represent him. On December 5, 2012, appellant was charged with first-degree possession of a controlled substance. Appellant was at liberty after his release on bond.

On August 14, 2013, and while the 2012 charge was pending, St. Paul police officers recovered 105 grams of methamphetamine and 14.2 grams of cocaine when they executed another search warrant at appellant's home. A separate complaint was filed charging appellant with one count of first-degree possession of a controlled substance and one count of second-degree possession of a controlled substance. The state sought to use the additional offense as evidence in the first-in-time case. The district court granted the state's *Spreigl* motion.[1]

On January 29, 2015, the state amended the first-in-time complaint, adding one count of being a prohibited person in possession of a firearm. On February 17, 2015, just before trial was to begin, and with the assistance of counsel, appellant pleaded guilty to the charges in the first-in-time complaint in exchange for dismissal of the second-in-time charges and with the agreement that appellant would be sentenced at the lower end of the

---

[1] *State v. Spreigl* outlined the framework for admitting evidence of uncharged conduct for non-character purposes. 272 Minn. 488, 496-97, 139 N.W.2d 167, 173 (1965). To introduce *Spreigl* evidence, the state must now satisfy the requirements of rule 7.02 of the Minnesota Rules of Criminal Procedure. Appellant does not challenge the district court's *Spreigl* ruling in this appeal.

Minnesota Sentencing Guidelines range. The district court set sentencing for April 17, 2015.

Before sentencing, and through new counsel, appellant moved to withdraw his guilty plea. Appellant provided an affidavit in support of his motion, attesting that his first attorney had not explained the facts of the case, the applicable case law, or any possible defense strategies. He said that the attorney only met with appellant three times: "once at the King of Diamonds Strip Club, once at Rick's Cabaret (another strip club), and once at Denny's in St. Paul." The state argued that (1) the plea transcript showed that appellant's plea was knowing, voluntary, and intelligent; (2) appellant received an advantageous deal by pleading guilty; and (3) the state would be prejudiced by a plea withdrawal because the state had arranged for many witnesses to appear at trial.

On June 26, 2015, the district court denied appellant's motion to withdraw his guilty plea. Appellant requested reconsideration by way of a letter. The district court denied that request. Appellant was sentenced to 74 months in prison on the first-degree-possession conviction, which was the lower end of the Minnesota Sentencing Guidelines range. The district court sentenced appellant to 60 months in prison for being a prohibited person in possession of a firearm, to be served concurrently with the first-degree-possession sentence. This appeal followed.

## DECISION

Appellant argues that the district court erred in denying his motion to withdraw his guilty plea. Appellant argues that, because he moved to withdraw his plea before sentencing, the fair-and-just standard for plea withdrawal applies, and the district court

erred in denying his plea-withdrawal motion under that standard. *See State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010) (applying the fair-and-just standard to a pre-sentencing motion to withdraw a plea). Appellant did not argue to the district court, nor does he contend on appeal, that his plea should be withdrawn to correct a manifest injustice. *See Raleigh*, 778 N.W.2d at 94; Minn. R. Crim. P. 15.05, subd. 1.

Our review of a district court's denial of a guilty-plea withdrawal motion under the manifest-injustice standard inquires whether appellant demonstrated that the guilty-plea was invalid, i.e., not accurate, voluntary, and intelligent, which is "a question of law that we review de novo." *Raleigh*, 778 N.W.2d at 94. A district court's decision concerning plea withdrawal under the fair-and-just standard is reviewed for abuse of discretion. *Id.* at 97. The district court, under the fair-and-just standard, must consider the reasons for withdrawal and any prejudice withdrawal would cause the state, and we reverse a district court's denial of a withdrawal motion "only in the 'rare case.'" *Id.* (quoting *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989)); *see* Minn. R. Crim. P. 15.05, subd. 2. The defendant has the burden to prove that a fair and just reason exists to withdraw his plea, and we review a district court's assessment of the reasons advanced. *Id.* Therefore, under the fair-and-just standard, we consider whether the district court abused its discretion in denying appellant's request.

First, appellant argues that he did not understand all of his possible defenses because his plea counsel "only spent approximately five (5) minutes discussing the plea negotiation with him" and "never discussed the underlying criminal case (factually or legally) with him in any detail." The district court considered these claims and rejected

4

them as not credible because appellant "never once raised any issue concerning his representation or gave any indication that he was dissatisfied in any way" with plea counsel in the two-year period that the case had been ongoing. The district court also found as a fact that, on the first day of trial, it had allowed the defense more than a half hour to discuss a potential resolution of the case and permitted a 15-minute recess for the same purpose. When appellant pleaded guilty, he confirmed that he had enough time to discuss the plea with his lawyer, understood everything that he and his counsel discussed, and did not have any questions for his counsel or the court. Appellant does not argue that these factual findings are clearly erroneous, and the record supports them.

Second, appellant argues that he pleaded guilty because he was experiencing undue stress caused by plea counsel and by appellant's family. Specifically, appellant likens his decision to plead guilty "to a scenario where the plea was procured through a degree of mental coercion 'overbearing the will' of Appellant." He relies on *State v. Ecker* for the proposition that "mental coercion 'overbearing the will of the defendant'" may not produce a valid guilty plea. 524 N.W.2d 712, 719 (Minn. 1994) (quoting *Brady v. United States*, 397 U.S. 742, 750-51, 90 S. Ct. 1463, 1470 (1970)). But *Ecker* concerned alleged inappropriate threats by the prosecutor. *Id.* Here, appellant argues that his own attorney coerced his guilty plea. His specific citation to the "overbearing the will" language in *Ecker* is therefore misplaced.

The district court acknowledged the understandably "emotional" discussions between appellant and his plea counsel, but concluded that "nothing in the record suggests or establishes that the lengthy discussions that the Court knows took place

5

involved ineffective assistance of counsel or any other impropriety." The record of the plea transcript supports this conclusion:

| | |
|---|---|
| [COUNSEL]: | Is anybody forcing you right now to enter a plea of guilty? |
| [APPELLANT]: | No. |
| [COUNSEL]: | Your wife is here; your son is here, right? |
| [APPELLANT]: | Right. |
| [COUNSEL]: | We had some pretty emotional discussions in the hallway? |
| [APPELLANT]: | Right. |
| [COUNSEL]: | But you are making this decision on your own, right? |
| [APPELLANT]: | Yes. |

The record lacks support for appellant's contention that he was experiencing undue stress. It supports the district court's finding that appellant's plea did not result from undue stress or coercion. *See Ecker*, 524 N.W.2d at 719 ("The record of the guilty plea, however, shows that [appellant] repeatedly stated he was making his own decision. Under these circumstances, we do not believe the trial court abused its discretion in rejecting [appellant's] claim that he was coerced by his attorneys.").

Third, appellant argues that he should be able to withdraw his plea to take advantage of *State v. Sam*, which was published the same day that appellant pleaded guilty. 859 N.W.2d 825 (Minn. App. 2015). In *Sam*, we considered a challenge to the sufficiency of the evidence at a jury trial where the state relied entirely on circumstantial evidence. *Id.* at 832. The district court in *Sam* declined to apply the test concerning the sufficiency of circumstantial evidence set forth in *State v. Al-Naseer*, 788 N.W.2d 469, 474 (Minn. 2010). We held that this was error, applied the proper standard, and reversed the conviction because "there [were] reasonable inferences from the circumstances

6

proved that [were] inconsistent with appellant having consciously exercised dominion and control over the methamphetamine found . . . ." *Sam*, 859 N.W.2d at 836.

*Sam* provides no basis for concluding that it would be fair and just to allow appellant to withdraw his plea. Here, although the state's case at trial would have relied on circumstantial evidence, *Sam* does not change the standard of proof in those cases. *See Sam*, 859 N.W.2d at 830 n.1 (explaining that, because of inconsistent district court rulings concerning the *Al-Naseer* standard, the state sought *clarification* of the correct analysis in cases concerning circumstantial evidence). Appellant argues that he should be permitted to exercise his right to a trial, but he waived that right by pleading guilty. The district court did not abuse its discretion in determining that appellant failed to provide fair and just reasons supporting his plea-withdrawal motion.

Appellant also argues that the district court erred because the state would not be prejudiced by the plea withdrawal. During the plea-withdrawal hearing, the state argued that allowing appellant to withdraw his plea would prejudice the state by requiring it to again prepare for trial. The state conceded that the prejudice would not be as significant here as it might be in other cases. The district court concluded that "there would be little prejudice to the State if [the district court] allowed [appellant] to withdraw his plea." But a showing of prejudice is not required in every case. If a defendant fails to carry his burden under the fair-and-just standard, the state's burden to show prejudice is not triggered. *See Raleigh*, 778 N.W.2d at 98; *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013). Because the district court did not err in concluding that the reasons for plea withdrawal advanced by appellant did not satisfy

7

the fair-and-just standard, it was unnecessary for the district court to consider prejudice to the state.

Because appellant does not argue that his guilty plea was not accurate, voluntary, or intelligent, and expressly disclaimed at oral argument any claim under the manifest-injustice standard, we do not consider any potential arguments under that standard. *See State v. Carver*, 577 N.W.2d 245, 251 n.5 (Minn. App. 1998) (declining to consider a theory on appeal that appellant did not argue).

The record supports the district court's determination that appellant did not demonstrate it would be fair and just to allow him to withdraw his plea. The district court therefore did not abuse its discretion in denying appellant's motion.

**Affirmed.**