*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0105**

State of Minnesota,
Respondent,

vs.

Titus Triston Miguel Mangun,
Appellant.

**Filed October 31, 2016
Affirmed
Stauber, Judge**

St. Louis County District Court
File No. 69DU-CR-15-1423

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Kristen E. Swanson, Assistant County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**STAUBER**, Judge

Appellant argues that the district court erred by refusing to permit him to withdraw his guilty plea. We affirm.

**FACTS**

Appellant Titus Triston Miguel Mangun was charged with one count each of first-degree and third-degree controlled substance crime, arising out of incidents that occurred on April 15 and May 1, 2015. On April 15, Mangun delivered heroin to an undercover police officer as part of a controlled purchase. The undercover officer made a second controlled purchase on May 1; Mangun again delivered the heroin. He was arrested and police returned with him to an apartment, where they executed a search warrant, discovering an additional 44 grams of heroin.

At the plea hearing on July 7, 2015, the charge of first-degree controlled-substance crime was amended to aiding and abetting first-degree controlled-substance crime, and the charge of third-degree controlled-substance crime was dismissed. Mangun pleaded guilty to the amended charge.

On August 24, 2015, and October 16, 2015, prior to sentencing, Mangun sent ex parte letters to the court asserting his innocence and asking to withdraw his guilty plea. The district court heard arguments at the sentencing hearing and denied Mangun's motion to withdraw his plea. At sentencing, Mangun argued for and received a downward durational departure from the presumed sentence of 122 months to the imposed sentence of 80 months. This appeal followed.

## D E C I S I O N

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But before a sentence is entered, a court may allow a defendant to withdraw a plea "if it is fair and just to do so." Minn. R.

Crim. P. 15.05, subd. 2. And a court must permit a defendant to withdraw a plea at any stage of the proceedings if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. The fair-and-just standard is "less demanding" than the manifest-injustice standard, but it does not allow a defendant to withdraw a plea "for simply any reason." *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007) (quotation omitted).

Mangun has advanced arguments on both grounds. He argues that the district court erred by refusing to allow him to withdraw his plea because the factual basis for the plea was insufficient. He also argues that the district court abused its discretion by refusing to permit him to withdraw his plea under the fair-and-just standard because the circumstances surrounding the plea indicated that he was of "unsure heart and confused mind" and he believed his trial counsel's representation was inadequate.

"A manifest injustice exists if a guilty plea is not valid." *Raleigh*, 778 N.W.2d at 94. A guilty plea is valid if it is accurate, voluntary, and intelligent. *Id.* "[T]he validity of a plea presents a question of law that [an appellate court] review[s] de novo." *Id.* Mangun challenges the accuracy of his guilty plea. An accurate plea ensures that the defendant is not pleading guilty to a more serious offense than he could be convicted of at trial. *Id.* To establish the accuracy of a plea, there must be an adequate factual basis for the plea. *Id.* "The factual basis must establish sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Munger v. State*, 749 N.W.2d 335, 338 (Minn. 2008) (quotation omitted).

Mangun pleaded guilty to aiding and abetting first-degree controlled substance crime. Minn. Stat. §§ 152.021, subd. 1(1); 609.05, subd. 1 (2014). This requires proof

3

that Mangun intentionally aided, advised, hired, counseled or conspired with someone to unlawfully sell more than 10 grams of heroin within a 90-day period. During the plea hearing, Mangun admitted the following: (1) on May 1, 2014, he left an apartment in Duluth to meet someone to deliver heroin as part of an arranged purchase; (2) the heroin he was to deliver came from that apartment; (3) after he was arrested during the controlled sale, police returned him to the same apartment and executed a search warrant, discovering more heroin that matched in appearance the 2.7 grams of heroin he had on his person; (4) the heroin discovered by police at the apartment weighed 44 grams; (5) although he denied owning it, he understood that all of the heroin was going to be sold; (6) he was delivering the heroin on behalf of someone else, even though the heroin did not belong to him; and (7) he previously sold some heroin to an undercover officer on April 15, 2014, and he had obtained this heroin from the searched apartment. These facts are adequate to support Mangan's guilty plea to aiding and abetting first-degree controlled-substance crime.

Mangun asserts that his plea was inaccurate because he responded to leading questions in order to establish the factual basis. Although the appellate courts have repeatedly admonished the district courts to avoid using leading questions and to require a defendant to establish a factual basis in his own words, the appellate courts have continued to accept this "disfavored format" so long as the factual basis elicited is sufficient to support an accurate plea. *Raleigh*, 778 N.W.2d at 95-96.

Mangun also argues that the district court abused its discretion by refusing to permit him to withdraw his plea before sentencing, asserting that it would have been fair

4

and just to do so. A defendant has the burden of proving that there is a fair and just reason to permit withdrawal of a plea. *State v. Farnsworth*, 738 N.W.2d 364, 371 (Minn. 2007). We review the district court's decision on whether a defendant has shown a fair and just reason to withdraw a plea for an abuse of discretion. *Id.* at 372.

In order to decide whether a defendant has met the fair-and-just standard, the district court considers "(1) the reasons advanced by the defendant in support of the motion and (2) any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." *State v. Cubas*, 838 N.W.2d 220, 223 (Minn. App. 2013) (quotations omitted), *review denied* (Minn. Dec. 31, 2013). "Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just." *Id.* at 224.

Before the district court, in pro se filings, Mangun raised the following claims as a basis for plea withdrawal: (1) the search warrant did not have his name on it; (2) he is being blamed for possessing heroin that was not his; and (3) there was no proof that the backpack in which the heroin was found belonged to him. But Mangun challenged the search warrant at a contested omnibus hearing, and the district court ruled that the evidence recovered was admissible. Further, the charge to which Mangun pleaded was aiding and abetting first-degree controlled-substance crime, which did not require Mangun to admit that he possessed or owned all of the heroin; it is sufficient that Mangun admitted to helping sell the heroin recovered during the searches of the apartment and his person.

5

On appeal, Mangun argues that he was of "unsure heart" on the day he pleaded guilty, based on the district court's comments that he seemed distracted as though he were not listening to the questions at the plea hearing. But Mangun assured the district court that he was "alright." At the sentencing, Mangun raised the issue of whether his trial counsel provided adequate representation. But at the plea hearing, Mangun testified that he had enough time to discuss matters with his trial counsel and that counsel had thoroughly informed him about his rights and provided him with discovery.

The state provided minimal proof of prejudice: the state ceased preparations for trial and the state's witnesses could have a harder time recalling facts because of the passage of time. While acknowledging this minimal prejudice, the district court concluded that Mangun had not sustained his burden of proving a fair-and-just reason for plea withdrawal. The record supports the district court's conclusion, and, therefore, the district court did not abuse its discretion by denying Mangun's motion to withdraw his plea under the fair-and-just standard.

**Affirmed.**