*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A25-0018**

Sarah Nicole Englund, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 24, 2025**
**Affirmed**
**Ede, Judge**

Isanti County District Court
File No. 30-CR-22-451

Cathryn Middlebrook, Chief Appellate Public Defender, Rebecca Ireland, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jeffrey R. Edblad, Isanti County Attorney, Nicholas J. Colombo, Assistant County Attorney, Cambridge, Minnesota (for respondent)

Considered and decided by Ede, Presiding Judge; Smith, Tracy M., Judge; and Cochran, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

In this appeal from the district court's order denying her petition for postconviction relief, appellant argues that the court abused its discretion in determining that it had acted within its discretion in its earlier denial of appellant's presentence motion to withdraw her

*Alford* plea[1] to the charge of third-degree burglary. Appellant maintains that she advanced fair-and-just reasons for withdrawal and that the state asserted no prejudice. Because we conclude that the district court did not abuse its discretion in denying appellant's postconviction petition, we affirm.

## FACTS

In May 2022, respondent State of Minnesota charged appellant Sarah Nicole Englund with third-degree burglary, in violation of Minnesota Statutes section 609.582, subdivision 3 (2020), and misdemeanor theft, in violation of Minnesota Statutes section 609.52, subdivision 2(a)(1) (2020). According to the complaint, at the end of May 2022, Englund entered a residence without permission and stole a sweatshirt.

In July 2022, Englund entered an *Alford* plea to the charge of third-degree burglary as part of a plea agreement that included a stipulation that she be released from custody. At the plea hearing, Englund affirmed that she understood the consequences of her decision to enter an *Alford* plea and affirmed that she was "not just pleading guilty because [she

---

[1] "In *State v. Goulette*, 258 N.W.2d 758, 760 (Minn. 1977), [the Minnesota Supreme Court] formally adopted the use of pleas entered in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 . . . (1970)." *State v. Paulson*, 22 N.W.3d 144, 148 n.3 (Minn. 2025).

> In *Alford*, the United States Supreme Court held that it was constitutional for a court to accept a defendant's guilty plea, even though the defendant maintained his innocence, where the State demonstrated a "strong factual basis for the plea" and the defendant clearly expressed his desire to enter the plea based on his belief that the State's evidence would be sufficient to convict him.

*Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 38 (1970)).

was] going to be released if [she] pled guilty," but rather was "pleading guilty under an *Alford* plea because [she] underst[ood] specifically and . . . discussed [with her counsel] that, if [she] were to go to trial, . . . there would be a great probability that a jury could convict [her] based on the state's evidence alone."[2] The district court determined that Englund had provided a sufficient factual basis to support her *Alford* plea, ordered that she be released from custody, and set the matter for a sentencing hearing.

In October 2022, before the sentencing hearing, Englund moved to withdraw her *Alford* plea. Englund contended that it was "fair and just" for the district court to allow her to grant her plea-withdrawal motion. Among other things, Englund argued that, when she entered her *Alford* plea, she was "confused," "not in the right state of mind," and "only concerned about getting out of custody." She also asserted that, at the time of her plea, she did "not fully comprehend the consequences." And Englund maintained that she had located a witness—a person Englund claimed to have found only after her release from custody—that she believed would provide testimony proving her innocence.

At the outset of the sentencing hearing in late October 2022, the district court heard arguments on Englund's motion to withdraw her *Alford* plea. Englund's counsel argued that, when she entered her *Alford* plea, Englund "had been in custody for quite some time

---

[2] The record includes a "Petition to Enter Plea of Guilty in Felony Case Pursuant to [Minnesota] Rule [of Criminal Procedure] 15" and an "*Alford* Addendum to Petition to Enter Plea of Guilty in Felony Case Pursuant to Rule 15" that Englund signed and that was filed on the same day as the July 2022 plea hearing. In the petition, Englund indicated that she did "not make the claim that the fact that . . . [she had] been held in jail since [her] arrest and could not post bail caused [her] to decide to plead guilty in order to get the thing over with rather than waiting for [her] turn at trial."

3

[because she was] unable to post bail." According to her counsel, "Englund . . . was informed that, if she pled, . . . she would be released, and that was all she wanted," i.e., "to be released from custody." Englund's counsel further maintained that, "when [Englund] was pleading guilty, she was really not thinking about what she was doing" and instead "was . . . focused on just getting out of custody." And Englund's counsel asserted that, "since being released from custody, [Englund] was able to locate a witness who would [have] be[en] able to . . . come in and testify on her behalf to prove that she [was] innocent of the charge." But Englund's counsel also acknowledged that Englund "couldn't give [her counsel] the [witness's] full name." The district court denied Englund's plea-withdrawal motion and proceeded with sentencing, dismissing the misdemeanor theft charge pursuant to the parties' plea agreement, staying the imposition of sentence, and placing Englund on supervised probation for a period of up to five years.

In September 2024, Englund petitioned for postconviction relief. Englund asserted that the district court had abused its discretion by denying her plea-withdrawal motion. In support of her argument, Englund maintained that she had advanced fair-and-just reasons to withdraw her *Alford* plea and that the state had asserted no prejudice. Englund also stated that, "[b]ecause the petition raise[d] a legal claim that [could] be resolved based on the record and filings submitted to the court, . . . [she did] not request a hearing on the petition." The district court nonetheless held a hearing on Englund's postconviction petition in October 2024. At that hearing, the parties presented arguments but did not offer witness testimony or exhibits. At the end of the hearing, the district court took the matter

4

under advisement. In November 2024, the district court filed findings of fact, conclusions of law, and an order denying Englund's postconviction petition.

This appeal follows.

**DECISION**

Englund challenges the district court's November 2024 order denying her petition for postconviction relief. She argues that the district court abused its discretion in determining that it had acted within its discretion in its October 2022 denial of her presentence motion to withdraw her *Alford* plea. Englund claims (A) that she advanced fair-and-just reasons to support her plea-withdrawal motion and (B) that the state asserted no prejudice. The state counters that the district court did not abuse its discretion in denying Englund's postconviction petition because the record supports the court's decision. And the state maintains that its failure to claim that prejudice would result from plea withdrawal is immaterial.

Appellate courts "review the denial of a defendant's petition for postconviction relief for an abuse of discretion." *State v. Griffin*, 24 N.W.3d 247, 254 (Minn. 2025). "A district court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* at 255 (quotation omitted). Appellate courts "review a district court's factual findings for clear error and its legal conclusions de novo." *Id.*; *see also Pearson v. State*, 891 N.W.2d 590, 596 (Minn. 2017) (explaining that "[l]egal issues are reviewed de novo, but . . . review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings" (quotations omitted)).

5

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But "[i]n its discretion the court may allow the defendant to withdraw a plea at any time before sentence if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2. "The court must give due consideration to the reasons advanced by the defendant in support of the motion and any prejudice the granting of the motion would cause the prosecution by reason of actions taken in reliance upon the defendant's plea." *Id.* "The defendant has 'the burden of advancing reasons to support withdrawal'; the state has the burden of showing the prejudice that would be caused by withdrawal." *State v. Townsend*, 872 N.W.2d 758, 764 (Minn. App. 2015) (quoting *Raleigh*, 778 N.W.2d at 97).

"Underlying the rule is the notion that giving a defendant an absolute right to withdraw a plea before sentence would undermine the integrity of the plea-taking process." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989). "If a guilty plea can be withdrawn for any reason or without good reason at any time before sentence is imposed, then the process of accepting guilty pleas would simply be a means of continuing the trial to some indefinite date in the future when the defendant might see fit to come in and make a motion to withdraw his plea." *Id.* (quotations and citations omitted). "Even when there is no prejudice to the state, a district court may deny plea withdrawal under rule 15.05, subdivision 2, if the defendant fails to advance valid reasons why withdrawal is fair and just." *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *rev. denied* (Minn. Dec. 31, 2013); *see also id.* (characterizing *Raleigh* as "holding that a district court did not abuse its discretion in denying plea withdrawal under the fair-and-just standard when the prejudice to the state

6

was overstated but the defendant failed to provide any valid reason why withdrawal would be fair and just" (quotation omitted)).

With these principles in mind, we address each of Englund's arguments below.

**A.**   **The district court acted within its discretion by determining that it had duly considered the bases Englund claimed as fair-and-just reasons supporting her plea-withdrawal motion.**

Englund argues that the district court abused its discretion in denying her postconviction petition. She claims that, after she was released from custody, she located a potentially exculpatory witness. England also asserts that she entered her *Alford* plea only to secure her release from custody, pointing to her many attempts to have bail modified to nonmonetary conditions and her plea agreement that included an express stipulation that the district court order her release. These contentions are unavailing.

In its November 2024 order denying Englund's petition for postconviction relief, the district court determined that its October 2022 denial of her plea-withdrawal motion had given due consideration to Englund's arguments that she met the fair-and-just standard. More specifically, the district court reviewed the transcript of its oral denial of Englund's plea-withdrawal motion at the start of the October 2022 sentencing hearing. And the district court noted that, in denying Englund's motion, it had in turn reviewed the transcript of Englund's July 2022 plea hearing. The district court determined that Englund had not provided her counsel, the state, or the court with "any tangible information" about the purported exculpatory witness—including that person's full name. Moreover, the district court ruled that the plea-hearing transcript supported its decision that Englund had not entered an *Alford* plea solely to secure her release from custody. Thus, the district court

7

decided in its November 2024 order that it had not abused its discretion in its October 2022 denial of Englund's plea-withdrawal motion.

These determinations are reasonably supported by the record. The transcript of the October 2022 sentencing hearing establishes that the district court listened to Englund's arguments in support of her plea-withdrawal motion. After doing so, the district court asked Englund's counsel: "What is the name of the witness?" Englund's counsel responded: "Ms. Englund has that information. I do not, Your Honor. I apologize." The district court questioned Englund's counsel further on this point: "She hasn't provided you that information and yet this is somebody who's going to be able to testify in her defense?" Englund's counsel replied: "Yes, Your Honor. I've asked her and she . . . couldn't give me the full name."[3]

The district court also took a recess during the October 2022 sentencing hearing to "read through the transcript" of the July 2022 plea hearing. When the district court resumed the proceedings, it properly quoted both the standard set forth in rule 15.05, subdivision 2, and the portions of the plea-hearing transcript that refuted Englund's contentions. The district court's quotations of the plea-hearing transcript were accurate. As the district court observed in both its November 2024 order denying Englund's petition for postconviction relief and its October 2022 denial of Englund's plea-withdrawal motion, the July 2022

---

[3] Notably, Englund's September 2024 petition for postconviction relief did not request an evidentiary hearing at which Englund could have expanded upon the limited information that she provided at the October 2022 sentencing hearing. And although the district court held an October 2024 hearing on Englund's postconviction petition anyway, Englund offered neither witness testimony nor exhibits at that hearing.

plea-hearing transcript shows that Englund's counsel asked whether Englund was "not just pleading guilty because [she was] going to be released if [she] pled guilty," to which Englund responded: "Oh, no. No."[4]

Because the district court did not base its decision that it had duly considered and rejected Englund's plea-withdrawal argument on an erroneous view of the law, and because that decision is neither against logic nor the facts in the record, we conclude that the district court acted within its discretion by denying Englund's postconviction petition. *See Griffin*, 24 N.W.3d at 255.

### B. The district court acted within its discretion by determining that it did not need to expressly consider whether the prosecution would have been prejudiced if the plea-withdrawal motion were granted.

Noting that the state did not argue and the district court did not find that the state would be prejudiced by plea withdrawal, Englund contends that "the lack of prejudice to the state only bolsters [her] claim that it would be fair and just to allow her to withdraw her plea and stand trial." Citing *Cubas*, 838 N.W.2d at 224, the state responds that prejudice is immaterial to the analysis given the absence of a fair-and-just reason for withdrawal. From that premise, the state contends that the district court did not abuse its discretion in forgoing a discussion of prejudice. We agree with the state.

As mentioned above, a district court has the discretion to deny a plea-withdrawal motion under subdivision 2 of rule 15.05 "[e]ven when there is no prejudice to the state, . . . if the defendant fails to advance valid reasons why withdrawal is fair and just."

---

[4] We also observe that, in the plea petition, Englund expressly disclaimed that she was entering an *Alford* plea solely to secure her release from custody.

9

*Cubas*, 838 N.W.2d at 224; *see also Raleigh*, 778 N.W.2d at 97–98. Here, in denying Englund's postconviction petition, the district court acknowledged that it had not discussed prejudice when it denied Englund's plea-withdrawal motion. But the district court nonetheless reasoned that it had "thoroughly analyzed the first prong, as evidenced by the reading of the July 2022 plea hearing transcript and analysis of [Englund's] withdrawal argument, which covers seven pages of sentencing hearing transcript." And the district court observed that its "decision to deny [Englund's] motion [was based] on the strength of the record when analyzing the first prong" of rule 15.05, subdivision 2, such that "it was logical to not explicitly address the second prong."

Because the district court's decision as to prejudice was not based on an erroneous view of the law and was not against logic and the facts in the record, we conclude that the court acted within its discretion in denying Englund's postconviction petition. *See Griffin*, 24 N.W.3d at 255.

**Affirmed.**